IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DR. GREEN RELIEF, LLC,
a Florida Limited Liability Company;
GREEN MEDICAL MARKETING LLC,
a Florida Limited Liability Company;            CASE NO:

     Plaintiffs,
v.
                                            **DEMAND FOR JURY TRIAL**

GREEN RELIEF LLC, a Florida Limited
Liability Company; KERRY BARASATIE,
an individual; DR. FRANK RODRIGUEZ,
an individual; DR. GERALD J. KIVETT,
an individual;

     Defendants.
_____/

## COMPLAINT

Plaintiffs, DR. GREEN RELIEF, LLC and GREEN MEDICAL MARKETING, LLC (collectively "Plaintiffs"), by and through the undersigned counsel and this Complaint, sue Defendants GREEN RELIEF LLC, KERRY BARASATIE, DR. FRANK RODRIGUEZ, and DR. GERALD J. KIVETT (collectively, "Defendants") saying and alleging as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). Plaintiffs offer a wide variety of services, including advertising, marketing and promotion services, medical referrals and assistance for physicians regarding consumer information in the field of medical marijuana and

state programs associated with medical marijuana. Plaintiff Green Medical Marketing LLC owns valuable rights and goodwill in its DR. GREEN RELIEF trademark, which it has used continuously in the business of marketing and advertising Cannabis Card Certifications since at least as early as 2014 (Registration No. 6,399,203; Registration No. 6,557,672; and Florida Trademark No. T19000000283). Despite the Plaintiffs demands to cease, the Defendants continue to use Plaintiffs' mark, profiting off confusion among consumers with websites, billboards, signage, office materials, and other forms of advertising meant to mislead consumers.

## THE PARTIES

2. Plaintiff, Dr. Green Relief LLC, is a Florida Limited Liability Company registered in 2018 with its principal place of business in Sarasota, Florida.

3. Plaintiff Green Medical Marketing LLC ("GMM") is a Florida Limited Liability Company registered in 2017 with a registered agent in Fort Myers, FL and a principal place of business in Las Vegas, NV.

4. Defendant Green Relief LLC is a Florida Limited Liability Company registered in September 2020 with a principal place of business at 1105 W. Emmett St., Kissimmee, FL 34741.

5. Defendant Kerry Barasatie ("Barasatie") is a Florida resident with an address, upon information and belief, of 1105 W. Emmett St., Kissimmee, FL 34741.

6. Defendant Dr. Frank Rodriguez ("Rodriguez") is a Florida resident with an address, upon information and belief, of 801 W. Oak Street, Suite 104, Kissimmee, FL 34741.

7. Defendant Dr. Gerald J. Kivett ("Kivett") is a Florida resident with an address, upon information and belief, of 609 Virginia Drive, Orlando, FL 32803.

## JURISDICTION AND VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district and/or a substantial part of the property that is the subject of the action is situated in this district.

9. The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 et seq. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a). This Court further has jurisdiction of the Florida state law claim pursuant to 28 U.S.C. § 1367.

10. Pursuant to Fla. Stat. 48.193, this Court has personal jurisdiction over Green Relief LLC because the company does business in Florida and is registered as a limited liability company in Florida.

11. Pursuant to Fla. Stat. 48.193, this Court has personal jurisdiction over Barasatie, Rodriguez, and Kivett because these individuals reside in the state of Florida and are managing members, principals, associates, partners, and/or conducts business using the Green Relief LLC name and infringing on the Plaintiffs rights.

12. All conditions precedent to the commencement of this action, if any, have been performed, satisfied, waived, excused or have occurred.

## FACTUAL BACKGROUND

13. Plaintiff re-avers and re-states the foregoing Paragraphs 1-12 inclusively as if fully set forth herein.

14. Plaintiffs have been engaged in the business of marketing and advertising cannabis card certifications under the brand name "Dr. Green Relief" since 2014.

15. Plaintiff Green Medical Marketing LLC holds Federal Trademark Reg. No. 6,399,203, Reg. No. 6,557,672 and Florida Trademark No. T19000000283. The Registrations are attached as **Exhibits 1 – 3**.

16. Over the last eight (8) years, Plaintiffs have invested substantial amounts of money into marketing and advertising the DR. GREEN RELIEF mark throughout Florida and Nevada.

17. On March 21, 2019, a cease and desist letter was sent to each of the Defendants. The letters are attached hereto as **Composite Exhibit 4**.

18. The letters were disregarded by the Defendants, whose willful infringement continues to date.

19. The willful infringement includes, but is not limited to, the use of the confusingly similar mark DR. GREEN RELIEF.

20. Additional infringement includes websites, billboards, signage, office materials, and other forms of advertising misrepresenting the Defendants as "Green Relief" as evidenced by the photographs included in the cease and desist letters. *See* Composite Exhibit 4.

21. Since the beginning of the Defendants' use of the Green Relief name, consumer confusion and damage to Plaintiffs' DR. GREEN RELIEF mark occurred, and will continue to occur, as a result of the Defendants' actions.

22. By virtue of the foregoing, the Defendants are infringing upon Plaintiffs' Mark and unfairly competing with Plaintiffs. Defendants' use in connection with its business is likely to cause confusion, mistake, or deception among the trade and the public.

23. Defendants are knowingly, willfully, intentionally, and maliciously using their confusingly similar imitations of the Plaintiffs' trademarks.

24. Defendants' intentional infringement of Plaintiffs' Mark and unfair competition is causing irreparable injury to Plaintiffs, and, unless the injunction sought in this Complaint is granted, the irreparable injury to Plaintiffs will continue due to the confusion, mistake, and deception that will be and has been generated among the trade and the public. Plaintiffs have suffered and will continue to suffer damage, the exact amount of damage being unknown to Plaintiffs at this time. The damage to Plaintiffs is, and will continue to be, irreparable because, among other reasons, of the continuing nature of the trademark infringement and unfair competition which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

25. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiffs.

26. Plaintiffs have engaged the law firm of Stanton IP Law Firm, P.A. to represent it and are obligated to pay its attorneys a reasonable fee for their services in this action.

## COUNT I

**(Defendants' Infringement of the Dr. Green Relief Marks under 15 U.S.C. §§1114 and 1116 Against All Defendants)**

27. Plaintiffs reallege and restate Paragraphs 1- 26 as if fully set forth herein.

28. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

29. Defendants have, by virtue of its above-described acts, infringed upon Plaintiffs' rights in its federal trademark registrations in violation of 15 U.S.C. § 1114.

30. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

31. Defendants' above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violating Plaintiffs' trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Plaintiffs has no adequate remedy at law.

32. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT II

**(Defendants' Infringement of the Dr. Green Relief Marks under 15 U.S.C. §1125 Against All Defendants)**

33. Plaintiffs reallege and restate Paragraphs 1- 26 as if fully set forth herein.

34. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

35. Defendants have, by virtue of the above-described acts, infringed upon Plaintiffs' federally registered and common law rights in the Mark and are competing unfairly with Plaintiffs by falsely designating Defendants' services as originating with Plaintiffs or legitimately connected with Plaintiffs in violation of 15 U.S.C. § 1125.

36. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

37. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiffs and will continue to cause irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violating Plaintiffs' trademark rights and competing unfairly with Plaintiffs due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiffs have no adequate remedy at law.

38. As a result of the above-described intentional and deliberate infringement of Plaintiffs' trademark rights and unfair competition by Defendants, Plaintiffs are entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiffs, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT III

**(Florida Trademark Infringement Against All Defendants)**

39. Plaintiffs reallege and restate Paragraphs 1- 26 as if fully set forth herein.

40. This is an action against Defendants for damages and injunctive relief for Florida trademark infringement under Florida law due to Defendants' infringement of a Florida trademark.

41. Plaintiffs are the owner of the Florida trademark for **Dr. Green Relief**.

42. Defendants are intentionally advertising services to members of the public under an identical and/or highly similar mark to those of Plaintiffs.

43. Plaintiffs adopted, filed, and used the Mark prior to Defendants' corresponding use.

44. Defendants' use of Defendants' Mark is confusingly similar to Plaintiffs' use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is

likely to cause confusion or mistake among ordinary purchasers in the marketplace as to the source, origin, association or sponsorship of Plaintiffs' services with those of Defendants.

45. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiffs' business.

46. Unless restrained and enjoined, Defendants' conduct is likely to continue.

47. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiffs' rights entitling Plaintiffs to an award of punitive damages.

## COUNT IV

**(Common Law Trademark Infringement Against All Defendants)**

48. Plaintiffs reallege and restate Paragraphs 1- 26 as if fully set forth herein.

49. This is an action against Defendants for damages and injunctive relief for Common trademark infringement under Florida law due to Defendants' infringement of a common law trademark.

50. Plaintiffs are the owner of a common law trademark for **Dr. Green Relief**.

51. Defendants are intentionally advertising services to members of the public under an identical and/or highly similar mark to those of Plaintiffs.

52. Plaintiffs adopted and used the Mark prior to Defendants' corresponding use.

53. Defendants' use of Defendants' Mark is confusingly similar to Plaintiffs' use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is likely to cause confusion or mistake among ordinary purchasers in the marketplace as to the source, origin, association or sponsorship of Plaintiffs' services with those of Defendants.

54. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiffs' business.

55. Unless restrained and enjoined, Defendants' conduct is likely to continue.

56. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiffs' rights entitling Plaintiffs to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Honorable Court enter such preliminary and final orders and judgements as are necessary to provide Plaintiff with the following requested relief:

a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

b) an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

c) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to Plaintiffs;

d) up to three (3) times any damages sustained by Plaintiffs;

e) That Plaintiffs be awarded compensation for corrective advertising for the damage to Plaintiffs' goodwill;

f) That, based on Defendants' willful and deliberate infringement of Plaintiffs' Marks, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

g) restitution to Plaintiffs of any and all money Defendants have acquired by means of unfair competition;

h) interest on such profits and damages at the highest rate allowed by law;

i) That Defendants be required to pay Plaintiffs the cost of this action and Plaintiffs' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117;

j) such other relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through its undersigned attorneys, request a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right, upon further investigation and discovery, to assert such claims against Defendants and other responsible parties as may be just and appropriate under the circumstances.

Dated: April 21, 2022

Respectfully submitted

*/s/ Thomas Stanton*
Thomas H. Stanton, Esq.
tstanton@stantoniplaw.com
Florida Bar No. 127444
STANTON IP LAW FIRM, P.A.
201 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
PH: 813.421.3883
*Attorneys for Plaintiffs*