UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DR. GREEN RELIEF, LLC, a Florida Limited Liability Company; GREEN MEDICAL MARKETING LLC, a Florida Limited Liability Company;

    Plaintiffs,

vs.

GREEN RELIEF LLC, a Florida Limited Liability Company; KERRY BARASATIE, an individual; DR. FRANK RODRIGUEZ, an individual; DR. GERALD J. KIVETT, an individual;

    Defendants.

Civil Action No. 6:22-cv-00772

**PLAINTIFFS' MOTION FOR PARTIAL DEFAULT JUDGMENT
AGAINST DEFENDANT KERRY BARASATIE**

    Plaintiffs, DR. GREEN RELIEF, LLC and GREEN MEDICAL MARKETING, LLC, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 1.07(b), respectfully move the Court to enter a Partial Default Judgment against Defendant Kerry Barasatie, and in support thereof state as follows:

### I. INTRODUCTION

    This is a civil action for trademark infringement and unfair competition

arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), & 1125(d).

Defendant Barasatie has been served twice, once in person at his place of business (where he attempted to elude service), and again at his residence. He has had ample opportunity to make an appearance and present a defense, but has failed and refused to do so. Accordingly, the factual allegations in the Complaint are deemed admitted, and this Court should enter a Partial Default Judgment against Defendant Barasatie.

Plaintiffs seek a partial default judgment, related to liability and the non-monetary damages plead, and ask the Court to reserve on the monetary damages until those are either determined at trial or the other defendants have settled.

## II. PROCEDURAL HISTORY

On April 21, 2022, Plaintiffs filed the Complaint. [Dkt. 1].

On April 22, 2022, a summons was issued for Defendant Barasatie. [Dkt. 5].

On May 6, 2022, Defendant Barasatie was served with the summons and complaint at his place of business, and on May 18, 2022, the Return of Service was filed. [Dkt. 12].

On June 7, 2022, Defendant Barasatie was substitute served with the summons and complaint at his home, and on June 29, 2022, the Return of Service was filed. [Dkt. 21].

On June 30, 2022, Plaintiffs filed a Motion for Clerk's Default against

Defendant Barasatie. [Dkt. 23].

On July 11, 2022, Magistrate Judge Daniel Irick entered an order granting Plaintiffs' motion and directing the Clerk to enter the default. [Dkt. 25].

On July 12, 2022, the Clerk entered the default against Defendant Barasatie. [Dkt. 27].

To date, Defendant Barasatie has not entered an appearance, nor has he made any attempt to set aside the default.

Defendant Green Relief, LLC, has also had a Clerk's Default entered against it. Defendant Kivett has made an appearance and filed an answer. Defendant Rodriguez was recently served, and must make an appearance on or before August 10, 2022.

## III. GROUNDS FOR JUDGMENT

The Federal Rules of Civil Procedure and Local Rules establish a two-step process for obtaining default judgment: First, when a properly served defendant fails to plead or otherwise defend, the Clerk enters default. Fed. R. Civ. P. 55(a); LR 1.10(b). Second, within 35 days after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b); LR 1.10(c).

On a motion for default judgment, a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle*

*Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009), quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Max'is Creations Inc. v. Individuals, P'ship, & Unicorporated Ass'ns Identified on Schedule A*, No. 21-cv-22920-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 5470, at *4 (S.D. Fla. Jan. 11, 2022). "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010), quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*).

If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. See *Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing *Tyco Fire*). A defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages. See *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters….").

In *CFTC v. US Coin Bullion LLC*, this Court held that:


> If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.*, citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. See *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985). However, "a hearing is not necessary if sufficient evidence is submitted to support the request for damages." *Wallace*, 247 F.R.D. at 681 (citation omitted).

*CFTC v. US Coin Bullion LLC*, No. 6:20-cv-40-PGB-LRH, 2021 U.S. Dist. LEXIS 205744, at *7-9 (M.D. Fla. July 13, 2021).

"A default judgment must not differ in kind from ... what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking a default judgment to submit an affidavit "stating whether or not the defendant is in military service." 50 U.S.C. App. § 521(b)(1). An affidavit fulfilling the SCRA's requirement is attached to this motion as **Exhibit A**.

### IV. ARGUMENTS

A.   THIS COURT HAS JURISDICTION

The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 et seq. This

Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a). This Court further has jurisdiction of the Florida state law claim pursuant to 28 U.S.C. § 1367. [Compl. at ¶ 9].

Pursuant to Fla. Stat. § 48.193, this Court has personal jurisdiction over Defendant Barasatie because he resides in the state of Florida and is a managing member, principal, associate, partner, and/or conducts business using the Green Relief LLC name and infringing on Plaintiffs' rights. [Compl. at ¶ 11].

All conditions precedent to the commencement of this action, if any, have been performed, satisfied, waived, excused or have occurred. [Compl. at ¶ 12].

**B.  THE FACTS ALLEGED IN THE COMPLAINT ESTABLISH DEFENDANT'S LIABILITY**

"[I]n order to prevail on a trademark infringement claim, a plaintiff must show that its mark was used in commerce by the defendant without the registrant's consent and that the unauthorized use was likely to deceive, cause confusion, or result in mistake." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1307 (11th Cir. 1998). Natural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act. See *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968); 15 U.S.C.A. §§ 1114 & 1127.

*Vivid Entm't, Ltd. Liab. Co. v. Baserva*, No. 2:13-cv-524-FtM-29MRM, 2015 U.S. Dist. LEXIS 112458, at *8-9 (M.D. Fla. Aug. 25, 2015).

Plaintiffs have been engaged in the business of marketing and advertising cannabis card certifications under the brand name "Dr. Green Relief" since 2014. [Compl. at ¶ 14].

Plaintiff Green Medical Marketing LLC holds Federal Trademark Reg. No. 6,399,203, Reg. No. 6,557,672 and Florida Trademark No. T19000000283. [Compl. at ¶ 15 & Exh. 1-3].

Over the last eight (8) years, Plaintiffs have invested substantial amounts of money into marketing and advertising the DR. GREEN RELIEF mark throughout Florida and Nevada. [Compl. at ¶ 16].

On March 21, 2019, a cease and desist letter was sent to Defendant Barasatie. [Compl. at ¶ 17 & Exh. 4]. The letter was disregarded by Defendant Barasatie, whose willful infringement continues to date. [Compl. at ¶ 18].

Defendant Barasatie's infringement includes, but is not limited to, the following: the use of the confusingly similar mark DR. GREEN RELIEF, websites, billboards, signage, office materials, and other forms of advertising misrepresenting the Defendants as "Green Relief." [Compl. at ¶ 19-20].

Since the beginning of Defendant Barasatie's use of the Green Relief name, consumer confusion and damage to Plaintiffs' DR. GREEN RELIEF mark occurred, and will continue to occur, as a result of Defendant Barasatie's actions. Defendant Barasatie is infringing upon Plaintiffs' Mark and unfairly competing with Plaintiffs. Defendant Barasatie's use in connection with his business is likely to cause confusion, mistake, or deception among the trade and the public. As such, Defendant Barasatie is knowingly, willfully, intentionally, and maliciously using confusingly

similar imitations of the Plaintiffs' trademarks. [Compl. at ¶ 21-23].

Based on the foregoing and the totality of the allegations in the Complaint, Defendant Barasatie is liable for all damages alleged in the Complaint.

### C. THE FACTS ALLEGED IN THE COMPLAINT ESTABLISH THAT PLAINTIFFS ARE ENTITLED TO THE RELIEF REQUESTED

The Complaint seeks the following relief from Defendant Barasatie:

a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

b) an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

c) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to Plaintiffs;

d) up to three (3) times any damages sustained by Plaintiffs;

e) That Plaintiffs be awarded compensation for corrective advertising for the damage to Plaintiffs' goodwill;

f) That, based on Defendants' willful and deliberate infringement of Plaintiffs' Marks, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

g) restitution to Plaintiffs of any and all money Defendants have acquired by means of unfair competition;

h) interest on such profits and damages at the highest rate allowed by law;

i) That Defendants be required to pay Plaintiffs the cost of this action and Plaintiffs' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117;

j) such other relief as the Court may deem just and appropriate.

[Compl. at pp. 9-10].

In a default judgment, liability is determined by the well-plead allegations in the Complaint. *Eagle Hosp. Physicians, LLC*, 561 F. 3d at 1307; *& etc*. However, monetary damages must be determined by the Court. Nonmonetary damages, or readily calculable damages, do not require a hearing. *Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages").

> Upon establishing a violation of infringement and/or false designation of origin, plaintiff is entitled to injunctive relief. 15 U.S.C. § 1116. "Under traditional equitable principles, a plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)). In infringement cases, it is "generally recognized" that there is no adequate remedy at law and that infringement by its very nature causes irreparable harm, *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (quoting *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982)), however "injunctive relief may issue only in accordance with the principles of equity", *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227 (11th Cir. 2008) (quoting *eBay Inc.*, 547 U.S. at 393) (internal quotation marks omitted). Avoiding confusion is a legitimate public interest. *Angel Flight of Ga., Inc.*, 522 F.3d at 1209.

*Vivid Entm't, Ltd. Liab. Co. v. Baserva*, No. 2:13-cv-524-FtM-29MRM, 2015 U.S. Dist. LEXIS 112458, at *12-13 (M.D. Fla. Aug. 25, 2015).

This case is complicated by the fact that there are four Defendants, and only

two have been defaulted as of the date of this filing. Defendant Green Relief, LLC has been defaulted. Defendant Rodriguez has been served, but has not yet answered (and therefore could potentially be defaulted as well). Defendant Kivett has answered.

> If there are multiple defendants, the plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See* 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

*Max'is Creations Inc. v. Individuals, P'ship, & Unicorporated Ass'ns Identified on Schedule A*, No. 21-cv-22920-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 5470, at *4-5 (S.D. Fla. Jan. 11, 2022).

Although Trademark infringement is personal liability, joint and several liability extends to individual defendants who participated in corporate infringement and/or were "practical partners." *Babbit Electronics Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183-84 (11th Cir. 1994) (in a trademark infringement case, individual defendants were jointly and personally liable with their corporation for all relief,

which included corporate profits, because they "authorized, directed, and participated in the infringement"); *Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 505, 517 (4th Cir. 2002) (long-standing exception to the rule that defendants are not jointly liable for profits is when the defendants act as partners or as "practical partners"); *Belford. Clarke & Co. v. Scribner*, 144 U.S. 488, 507 (1892) (printer was jointly liable for publisher's profits from infringing book because printer and publisher were "practical partners"); *Vivid Entm't, Ltd. Liab. Co. v. Baserva*, No. 2:13-cv-524-FtM-29MRM, 2015 U.S. Dist. LEXIS 112458, at *13-14 (M.D. Fla. Aug. 25, 2015) ("Joint and several liability extends to a defendant where, as here, the corporate defendant was closely held by the individual defendant who was engaging in the infringing conduct").

Although monetary damages cannot be determined and adjudicated until either the trial, or a hearing (if the other Defendants settle), an injunction prohibiting further infringement *at least* during the pendency of this case is appropriate.

Because there exist grounds for joint and several liability, a complete Default Judgment at this time is improper. This creates a bit of a conflict of laws, in that LR 1.10(c) requires Plaintiffs to bring this motion within 35 days after obtaining the Clerk's Default.

Accordingly, Plaintiffs bring this motion to satisfy the timeliness requirement of the Local Rule, and to request this Court enter a Partial Default Judgment as to

the first two prayers for relief (temporary and permanent injunction and reporting to the Court the steps taken to effectuate same), and to reserve judgment on the monetary portions of the prayer for relief until they are either resolved by trial or the other Defendants settle.

## V. CONCLUSION

Based on the well-plead allegations of the Complaint, Defendant Barasatie is liable as to all counts of the Complaint.

With regard to damages, while Plaintiffs concede that monetary damages cannot be determined and adjudicated until either the trial (if the other Defendants do not settle) or a hearing (if the other Defendants settle), Plaintiffs seek an award of those nonmonetary damages that can be effectuated individually, rather than jointly and severally—specifically, the temporary and permanent injunctions and a requirement to report compliance with the injunctions. Plaintiffs request the injunction be effective *at a minimum* during the pendency of this action.

WHEREFORE, Plaintiffs, DR. GREEN RELIEF, LLC, and GREEN MEDICAL MARKETING, LLC, respectfully request this Court enter a Partial Default Judgment as to the first two prayers for relief (temporary and permanent injunction and reporting to the Court the steps taken to effectuate same), and to reserve judgment on all remaining damages until they are either resolved by trial or the other Defendants settle, and for any further relief this Honorable Court deems just and

proper under the circumstances.

Dated: August 5, 2022

          Respectfully submitted,

          */s/ Thomas H. Stanton*
          Thomas H. Stanton, Esq.
          Florida Bar No. 127444
          STANTON IP LAW FIRM, P.A.
          201 E. Kennedy Blvd. Suite 1900
          Tampa, FL 33602
          T: 813.421.3883
          E: tstanton@stantoniplaw.com
          *Counsel for Plaintiffs*

[*Certificate of Service Follows; Remainder of this Page Intentionally Left Blank*]

## **CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that on August 5, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Thomas H. Stanton*
Thomas H. Stanton, Esq.
Florida Bar No. 127444
STANTON IP LAW FIRM, P.A.
201 E. Kennedy Blvd. Suite 1900
Tampa, FL 33602
T: 813.421.3883
E: tstanton@stantoniplaw.com
*Counsel for Plaintiffs*